■ In the Matter of JOHN P. CAPUANO, Respondent, v PATRICK A. MAHONEY, as Sheriff of Suffolk County, et al., Appellants. [648 NYS2d 657] —In a proceeding pursuant to CPLR article 78 to review a determination of the Sheriff of Suffolk County, dated September 7, 1994, which denied the petitioner's application for a pistol license, the appeal is from an order of the Supreme Court, Suffolk County (Hall, J.), dated June 12, 1995, as resettled November 14, 1995, which, in effect annulled the determination dated September 7, 1994, and remitted the matter to the Suffolk County Sheriff's Department for a new determination.

Ordered that on the court's own motion, the appellants' no-

tice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order dated June 12, 1995, as resettled November 14, 1995, is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

Initially, we note that the Supreme Court improvidently exercised its discretion in remitting this matter to the Suffolk County Sheriff's Department without explaining the grounds upon which the remittitur was made (see, Matter of Cohen v Silva, 228 AD2d 593). In any event, this matter need not be remitted to the Supreme Court to clarify its order since it is clear that the determination of the Suffolk County Sheriff's Department denying the petitioner's application for a pistol license was not arbitrary and capricious.

Pursuant to Penal Law § 400.00 (1), a pistol license may only be issued after an investigation and finding that all statements in the application for a license are true. The record indicates that there are numerous inconsistencies in the petitioner's various accounts of an assault incident for which he was arrested, but never prosecuted. Moreover, the petitioner used at least one outdated recommendation letter made by the victim of the assault, who, when interviewed by the Sheriff's Department, requested that the recommendation be withdrawn because the petitioner had used it for other than its original purpose and without permission. Finally, the record indicates that the petitioner misrepresented his current relationship with the victim as friendly.

Since the Sheriff's Department offered a detailed basis for its denial of the application, citing, specifically, to the apparent inconsistencies and untruths in the petitioner's application, the determination to deny the license was not arbitrary and capricious (see, CPLR 7803 [3]; Matter of Pell v Board of Educ., 34 NY2d 222, 231). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.