■ In the Matter of ANTHONY NASH, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents. [708 NYS2d 61] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered April 7, 1999, which denied petitioner's application to annul respondent Police Department's determination denying petitioner's application for a premises residence pistol permit with target endorsement, and dismissed the petition, unanimously affirmed, without costs.

The Department's finding of "good cause" for denying petitioner a premises/target pistol permit (Penal Law § 400.00 [1] [former (d)] [current (f)]; 38 RCNY 5-02 [f]) was rationally based on the record of the proceeding in which petitioner's full carry permit was revoked. That record shows that petitioner was arrested in 1992 for an incident in which he drew a loaded pistol from his ankle holster during a dispute with his son, and during which incident responding police officers found 11 additional weapons in petitioner's home, 10 of which were loaded and three of which were assault weapons. A contrary finding is not required by petitioner's long and commendable career with

the Fire Department, his 40-year marriage, the dismissal of the charges on which he was arrested for the 1992 incident (*see, Matter of Servedio v Bratton*, 268 AD2d 356), or the fact that the Department did not revoke petitioner's rifle/shotgun permit based on the same incident. The standards for granting a rifle/shotgun permit (38 RCNY 3-03) are less stringent than those for granting a pistol permit, even the limited premises/target permit sought by petitioner (38 RCNY 5-02), and do not include the catch-all "good cause" requirement. Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.