■ In the Matter of Roy A. Abramowitz, Petitioner, v Howard Safir, as Police Commissioner of the City of New York, Respondent. [742 NYS2d 195] —Determination of respondent Police Commissioner dated March 6, 2000, which revoked petitioner's target and business premises licenses, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of the Supreme Court, New York County [Michael Stallman, J.], entered December 5, 2000), dismissed, without costs.

Respondent's finding that petitioner lacks the character and fitness to possess firearms is supported by substantial evidence that petitioner was the aggressor in a road-rage incident in Connecticut for which he was arrested for assault, failed without good reason to promptly report the arrest to the License Division, and filed documents with the License Divi-

sion falsely stating that he was a Brooklyn resident. The dismissal of the charges on which petitioner was arrested does not disqualify the circumstances surrounding the arrest from consideration (*see, Matter of Servedio v Bratton*, 268 AD2d 356), and no basis exists to disturb respondent's findings of credibility with respect to these circumstances (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444), although based in part on hearsay testimony of the responding police officer (*see, Matter of Gray v Adduci*, 73 NY2d 741). Nor is a contrary result required either by petitioner's background or the fact that his Connecticut firearm license was not revoked (*see, Matter of Nash v Police Dept. of City of N.Y.*, 271 AD2d 384). Under the circumstances here, the penalty of revocation was not excessive. Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.