■ In the Matter of Constantine Trimis, Petitioner, v New York City Police Department, Respondent. [752 NYS2d 47] —Determination of respondent New York City Police Department, dated May 1, 2001, revoking petitioner's pistol license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Leland DeGrasse, J.], entered on or about January 24, 2002), dismissed, without costs.

Petitioner has been a handgun licensee since retiring from his position as a sergeant with the New York City Police Department in 1989. As a licensee, petitioner was required to fully understand his obligations. He was also required to promptly inform the License Division of the Police Department of any change in handgun storage and any involvement in complaints to the police as well as in orders of protection (38 RCNY 5-30 [d]). This proceeding is, in part, a byproduct of

marital conflict between petitioner and his estranged spouse which produced a series of complaints to the police as well as successive mutual orders of protection in 2000. None of the complaints resulted in criminal prosecution. The interim orders of protection were entered without any findings and were ultimately terminated following fact-finding hearings which were resolved in favor of petitioner. After an altercation between his spouse and his minor son in March 2000, petitioner surrendered his handguns to his local police station, where they were vouchered for safekeeping.

Although this proceeding resulted from domestic disputes, the license revocations which petitioner seeks to overturn were also the result of petitioner's repeated failures to comply with licensing requirements which conditioned his ability to possess handguns. It is undisputed that petitioner failed to make timely notification of his involvement in numerous complaints made to the police between March and September 2000 and that he failed to inform the License Division of his unilateral handgun vouchering. Petitioner's situation only became known to the Police Department's License Division when they were contacted by a domestic violence officer in September 2000. Although involved in a series of alleged domestic violence incidents since March, petitioner had retained his pistol licenses and could have recovered any of his handguns at will during that time. The License Division immediately determined that petitioner's licenses should be revoked based on his failures to report various family contacts with the police, his failures to report the issuance of mutual temporary orders of protection by the Family Court against him and his estranged spouse, his failure to report his change of address when he was removed from his home by the first temporary Family Court order, his failure to report to the Police Department's License Division that he had vouchered his licensed firearms at his neighborhood police precinct, his improper storage of his handguns in a safety deposit box in a bank, and his responsibility for turmoil within his family and the potential for increased conflict.

Our review in handgun license cases only extends to whether substantial evidence supports the challenged determination (*Matter of Abramowitz v Safir*, 293 AD2d 352). "[E]xtraordinary power" has been delegated to respondent by statute in these matters (*Matter of O'Brien v Keegan*, 87 NY2d 436, 439). Since it is undisputed that petitioner failed to comply with the conditions of his license, respondent's determination must be confirmed. Concur—Buckley, J.P., Sullivan, Rubin, Friedman and Gonzalez, JJ.