In the Matter of JOSE PINELLA, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [773 NYS2d 548]—

Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered December 2, 2002, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondent's determination denying petitioner's application for a premises pistol license, unanimously affirmed, without costs.

Respondent's finding that petitioner lacks the character and fitness required for the handgun permit he seeks was not arbitrary and capricious in light of petitioner's admission that he had purchased heroin to facilitate sexual relations with two women, and the false and misleading statements made by him in his permit application. We note that petitioner's heroin purchase, although somewhat remote in time from his permit application, occurred when he was in his later forties, and thus may not be attributed to passing immaturity. Contrary to petitioner's argument, the circumstance that he had previously been issued a rifle and shotgun license did not deprive respondent of discretion to deny him a pistol license (see Matter of Nash v Police Dept. of City of N.Y., 271 AD2d 384 [2000]). Concur—Buckley, P.J., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.