■ In the Matter of IGOR M. PERLOV, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [799 NYS2d 502]—

Determination of respondent Police Commissioner, dated July 2, 2003, which, adopting the recommendation of an administrative hearing officer, revoked petitioner's license to carry a pistol, confirmed, the petition denied and the proceeding (transferred to this Court pursuant to CPLR 7804 [g] by order of the Supreme Court, New York County [Doris Ling-Cohan, J.], entered April 13, 2004) dismissed, without costs.

Extraordinary power has been delegated to the Police Commissioner in matters of handgun licensing (*Matter of O'Brien v Keegan*, 87 NY2d 436, 439-440 [1996]). Insofar as petitioner challenges a determination rendered following a hearing, this Court's scope of review in handgun license cases only extends to whether substantial evidence supports the challenged determi-

nation (*Matter of Abramowitz v Safir*, 293 AD2d 352 [2002]), and our obligation is limited to insuring that respondent met "the very minimal evidentiary requirement necessary to uphold its determination" (*see Matter of Scully v Safir*, 282 AD2d 305, 308 [2001]). Despite various problems with the findings and conduct of the hearing officer, the record nevertheless contains sufficient evidence to meet this standard, and we are therefore compelled to confirm the license revocation.

We recognize that the hearing officer's report contained a fundamental misapprehension. With regard to the lawsuit initiated by petitioner and two other plaintiffs against the City of New York after a fire truck collided with petitioner's car, there was insufficient support for the hearing officer's conclusion that petitioner had brought a fraudulent action when he claimed that the other two individuals were in the car with him during the accident. First, this conclusion is contradicted by the District Attorney's dismissal of the criminal charges, which dismissal called into question the underlying assertion that petitioner had lied when claiming that others were in the car with him at that time. Further, it was inappropriate for the hearing officer to conclude that that lawsuit was fraudulent based on the fact that petitioner withdrew it. No other evidentiary basis is offered to support the finding of fraud in the initial lawsuit.

We further note with concern that on several occasions the hearing officer's conduct toward petitioner was intemperate.

Nevertheless, the record supports the finding that petitioner gave misleading testimony at the hearing regarding his employment as a security guard, and submitted to the investigator letters from two investigation services which were intentionally misleading. This fact, in itself, satisfies the minimal quantum of evidence necessary to establish a substantial basis upon which respondent could conclude that petitioner lacks the good moral character required for possession of a pistol permit, demonstrating good cause for the revocation of his full carry business and premises pistol license.

Finally, while the IAS court incorrectly observed that petitioner had been found to have violated the rule requiring him to notify the division of his arrest, nevertheless its ultimate conclusion that the challenged determination was neither arbitrary and capricious, nor an abuse of discretion, was proper on this record. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.