In the Matter of RICHARD I. ROMANOFF, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, Respondent. [806 NYS2d 6]—

Judgment (denominated an order), Supreme Court, New York County (Faviola A. Soto, J.), rendered April 20, 2004, which dismissed the proceeding brought pursuant to CPLR article 78 challenging the revocation of petitioner's license to carry a handgun, unanimously affirmed, without costs.

We agree with petitioner that one of respondent's bases for the revocation of his pistol permit was incorrect. Penal Law § 400.00 (1) (e) applies only in conjunction with the application of the Criminal Procedure Law and Family Court Act sections cited therein, which deal with orders of protection, and provides that a person who has previously had a firearms license revoked pursuant to those sections is ineligible to hold such a license. Since petitioner's Westchester County pistol permit revocation had nothing to do with an order of protection, it could not, in and of itself, render him ineligible to continue to hold a firearms license.

Nevertheless, respondent's additional finding that petitioner lacks the requisite character to possess firearms under Penal Law § 400.00 (1) (b) is supported by evidence that petitioner failed to inform licensing authorities regarding his license revocation in another jurisdiction and is a sufficient basis, in and of itself, for revocation (*see Matter of Perlov*, 21 AD3d 270 [2005]).

We reject petitioner's claim that the penalty imposed is disproportionate to his infractions or shocking to the conscience. We note, in particular, that the Westchester revocation (*Matter of Romanoff v Lange*, 281 AD2d 551 [2001]) was, itself, based on dishonest acts by petitioner. Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.