■ In the Matter of ADAM M. HOCK, Petitioner, v ANTHONY A. SCARPINO, JR., as Judge of the County Court of Westchester County, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Judge of the County Court, Westchester County, dated July 11, 1991, which granted the application of the County Attorney for revocation of the petitioner's pistol permit. Motion by the respondents to dismiss the proceeding.

Ordered that the motion is granted; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

It is well settled that the exercise of poor judgment in the handling of a weapon is a sufficient ground for revocation of a

pistol license *(see, Matter of Lipton v Ward,* 116 AD2d 474; *Matter of Silverberg v Dillon,* 73 AD2d 838). In the instant case, the record clearly supports the respondent Judge's finding that the petitioner demonstrated a lack of good judgment when he fired seven or eight shots at another vehicle on November 18, 1990. Indeed, the petitioner's own testimony established that, rather than retreat to safety or to immediately call the police, the petitioner and his brother chased the fleeing vehicle at 70 miles per hour along a public highway and repeatedly fired shots from the window of his moving vehicle at the other moving vehicle, and did not stop until they spotted a police vehicle in the vicinity.

In addition to this incident, the respondent Judge also had before him unrefuted evidence of several other incidents and altercations in which the petitioner had been involved. One of those incidents was the petitioner's arrest for robbery in the second degree which resulted in his being given youthful offender treatment in December 1981. Significantly, the petitioner failed to disclose this incident on his original pistol permit application when asked if he had ever before been arrested. This alone would have been enough to support denial or revocation of the petitioner's pistol permit *(see, Matter of Anderson v Mogavero,* 116 AD2d 885).

In sum, we simply cannot say that the respondent Judge's determination was either arbitrary or capricious or an abuse of discretion, and therefore the determination will not be disturbed. Mangano, P. J., Thompson, Bracken, Sullivan and Harwood, JJ., concur.