■ In the Matter of PATRICK DeSABATO et al., Respondents, v BOARD OF ASSESSORS OF THE TOWN OF ISLIP et al., Appellants. [668 NYS2d 926] —In a proceeding pursuant to CPLR article 78 to review certain determinations of a Small Claims Assessment Review Hearing Officer made pursuant to RPTL article 7, title 1-A, the Board of Assessors of the Town of Islip and the Board of Assessment Review of the Town of Islip appeal from an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated October 22, 1996, which denied their motion to dismiss the petition.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner (see, CPLR 217). A determination is deemed binding when the petitioner receives actual notice of the determination (see, Matter of Adventist Home v Board of Assessors, 83 NY2d 878, 880; Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834; Matter of Habracha Assocs. v Michetti, 212 AD2d 709, 710).

On this record, the Supreme Court correctly concluded that the appellants failed to submit evidence to prove that the CPLR article 78 proceeding was untimely with respect to the claims of the petitioners whose Small Claims Assessment Review applications for a reduction of their 1994/1995 property taxes were dismissed. Moreover, the Supreme Court properly found that the appellants failed to provide any proof that they would be prejudiced by joining the petitioners' claims in a single petition.

To the extent that the appellants raise issues concerning the

amended petition those claims are not properly before this Court. Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.