■ In the Matter of PETER J. SERVEDIO, Respondent, v WILLIAM BRATTON, as Commissioner of New York City Police Department, Appellant. [702 NYS2d 264] —Order, Supreme Court, New York County (Emily Goodman, J.), entered February 23, 1998, which granted the petition to annul the determination denying petitioner's application for a pistol license to the extent of setting the matter down for an evidentiary hearing, unanimously reversed, on the law, without costs, the determination confirmed and the petition denied.

In making a determination on a pistol license, the licensing authority has broad discretion (*Matter of St.-Oharra v Colucci*, 67 AD2d 1104). Here, we find that Supreme Court erred in determining that questions of fact remain on this record as to whether the denial of the pistol license was arbitrary and capricious and in therefore granting the petition to the extent of requiring a hearing.

Respondent denied petitioner's application based on his six arrests, three in 1977 and others in 1986, 1989 and 1990. Petitioner submitted uncontested explanations regarding the circumstances of the arrests as well as a number of character references. While respondent did not refute the veracity of petitioner's explanations, nevertheless, its denial of petitioner's application was neither arbitrary nor capricious.

Even though four of petitioner's six arrests ended in dismissals, the agency was entitled to consider the circumstances surrounding the arrests in determining petitioner's suitability for a permit (*see, Theurer v Safir*, 254 AD2d 89, 90; *Matter of Zalmanov v Bratton*, 240 AD2d 173). Moreover, petitioner's explanations that he was influenced by bad company and, as to his most recent arrest, was mistakenly believed to have taken sides against his brother-in-law in a violent family argument, are not sufficient to render the decision improper. Concur—Ellerin, J. P., Wallach, Lerner, Andrias and Saxe, JJ.