In the Matter of RAMON GONZALEZ, Appellant, v JAMES H. LAWRENCE, Respondent. [831 NYS2d 180]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, James H. Lawrence, Police Commissioner of Nassau County, dated September 6, 2005, which, after a hearing, denied the petitioner's application for a pistol license, the appeal is from a judgment of the Supreme Court, Nassau County (Davis, J.), dated March 1, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (*Matter of Orgel v DiFiore*, 303 AD2d 758 [2003]; *see* Penal Law § 400.00 [1] [g]; *Matter of Biganini v Gallagher*, 293 AD2d 603 [2002]). Contrary to the petitioner's contention, the determination denying his application was rationally based, supported by substantial evidence in the record, and neither arbitrary nor capricious (*see Matter of Sarro v Smith*, 8 AD3d 395 [2004]; *Matter of Orgel v DiFiore, supra* at 759). His three arrests and failure, on a prior Nassau County application, to disclose the arrests and related revocation of his New York City pistol license were sufficient to support the respondent's determination (*see Matter of Romanoff v Kelly*, 23 AD3d 212 [2005]; *Matter of Hock v Scarpino*, 185 AD2d 237, 238 [1992]; *Matter of Anderson v Mogavero*, 116 AD2d 885 [1986]). The fact that, on two of those occasions, the charges against the petitioner were adjourned in contemplation of dismissal and eventually dismissed does not disqualify the circumstances surrounding the arrests from consideration (*see Matter of Peric v New York City Police Dept., License Div., Rifle/Shotgun Section*, 5 AD3d 142 [2004]).

Moreover, the petitioner's constitutional challenge to the licensing scheme is unfounded (*see Bach v Pataki*, 408 F3d 75 [2005], *cert denied* — US —, 126 S Ct 1341 [2006]). Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.