■ In the Matter of JOHN P. FORTUNIEWICZ, Petitioner, v JEFFREY A. COHEN, as Judge of the Westchester County Court, Respondent. [864 NYS2d 145]—

Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Jeffrey A. Cohen, dated February 25, 2008, which, upon renewal, adhered to his prior determination dated October 31, 2007, denying the petitioner's application for a pistol permit.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, with costs.

Penal Law § 400.00 (1) provides, inter alia, that no firearm license shall be issued until after an investigation and a finding that all statements on the application are true. A county licensing officer has broad discretionary authority in determining whether to issue a permit (*see Matter of Denora v Safir,* 274 AD2d 478 [2000]; *Matter of Parker v Nastasi,* 97 AD2d 547 [1983], *affd* 62 NY2d 714 [1984]). Here, the petitioner undisputedly failed to disclose a prior arrest and prior conviction in his application for a pistol permit. As such, the respondent Jeffrey A. Cohen, a County Court Judge acting in his administrative capacity as the county licensing officer (*see* Penal Law § 265.00 [10]), did not act arbitrarily or capriciously in denying the petitioner's application based on those untruths (*see* Penal Law § 400.00 [1]; *Matter of Gonzalez v Lawrence,* 36 AD3d 807 [2007]; *Matter of Papineau v Martusewicz,* 35 AD3d 1214 [2006]; *Matter of Hanna v Police Dept. of County of Nassau,* 205 AD2d 689 [1994]; *Matter of Conciatori v Brown,* 201 AD2d 323 [1994]; *Matter of Westfall v Lange,* 175 AD2d 290 [1991]; *Matter of Willis v Treder,* 127 AD2d 667 [1987]).

The petitioner's remaining contentions are without merit. Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.