In the Matter of RALPH VELEZ, JR., Petitioner, v ROBERT M. DiBELLA, Respondent. [909 NYS2d 83]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Robert M. DiBella, Acting Justice of the Supreme Court, Westchester County, entered January 15, 2010, which, upon reargument, adhered to a prior determination entered July 21, 2009, denying the petitioner's application for a pistol license.

Adjudged that the determination entered January 15, 2010, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, and a person "concerning whom no good cause exists for the denial of the license." (Penal Law § 400.00 [1] [g].) "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Orgel v DiFiore, 303 AD2d 758, 758 [2003]; see Penal Law § 400.00 [1] [g]; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808 [2007]). Contrary to the petitioner's contention, the respondent licensing officer's determination that good cause existed to deny his application based upon the petitioner's criminal history, which consisted of six arrests and a conviction for the violation of disorderly conduct, was not arbitrary and capricious and should not be disturbed (see Matter of Gonzalez v Lawrence, 36 AD3d at 808; Matter of Peric v New York City Police Dept., License Div., Rifle/Shotgun Section, 5 AD3d 142 [2004]; Matter of Servedio v Bratton, 268 AD2d 356 [2000]). The fact that five of

the petitioner's arrests resulted in the dismissal of the charges against him or were resolved in his favor, did not preclude the respondent from considering the underlying circumstances surrounding those arrests in denying the application (*see Matter of Gonzalez v Lawrence*, 36 AD3d at 808; *Matter of Peric v New York City Police Dept., License Div., Rifle/Shotgun Section*, 5 AD3d 142 [2004]; *Matter of Abramowitz v Safir*, 293 AD2d 352, 353 [2002]; *Matter of Servedio v Bratton*, 268 AD2d 356 [2000]).

We reject the petitioner's claim that the respondent unlawfully abdicated his decision-making authority to the Westchester Department of Public Safety (hereinafter the Department) by following its recommendation to deny the application. The respondent's written decision denying the application demonstrates that the Department's recommendation was not the sole basis for his determination (*cf. Matter of Buffa v Police Dept. of Suffolk County*, 47 AD2d 841 [1975]).

The petitioner's contention that certain aspects of the licensing eligibility requirements of Penal Law § 400.00 (1) unconstitutionally infringe upon his Second Amendment right to bear arms is not properly before this Court in an original proceeding pursuant to CPLR article 78. A declaratory judgment action is the proper vehicle for challenging the constitutionality of a statute (*see Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal*, 66 AD3d 678, 681 [2009]; *Matter of Parry v County of Onondaga*, 51 AD3d 1385, 1387 [2008]; *P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d 61, 64 [2006]). Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.