■ In the Matter of CHRISTOPHER BAGAN, Petitioner, v JAMES F. REITZ et al., Respondents. [924 NYS2d 827]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent James F. Reitz, a Judge of the County Court, Putnam County, dated November 1, 2010, which, after a hearing, denied the petitioner's application for a pistol license.

Adjudged that the proceeding is dismissed insofar as asserted against the respondents County of Putnam and Putnam County Sheriff's Department for lack of subject matter jurisdiction; and it is further,

Adjudged that the determination of the respondent James F. Reitz, a Judge of the County Court, Putnam County, is confirmed, that branch of the petition which was to annul the determination is denied, and the proceeding is dismissed on the merits insofar as asserted against that respondent; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [g]). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (*Matter of Orgel v DiFiore*, 303 AD2d 758, 758 [2003]; *see Matter of Velez v DiBella*, 77 AD3d 670 [2010]; *Matter of Gonzalez v Lawrence*, 36 AD3d 807, 808 [2007]; Penal Law § 400.00 [1] [g]). Here, the respondent licensing officer found that the petitioner's history included, inter alia, three DWI arrests, one of which occurred while his pistol license application was pending, and a DWI conviction. Contrary to the petitioner's contention, the determination of the respondent licensing officer that his criminal

history constituted good cause to deny his application was not arbitrary and capricious and should not be disturbed (*see Matter of Velez v DiBella*, 77 AD3d 670 [2010]; *Matter of Gonzalez v Lawrence*, 36 AD3d at 808).

The County of Putnam and the Putnam County Sheriff's Department are not proper parties to this proceeding (*see Matter of Romanoff v Lange*, 281 AD2d 551, 552 [2001]; Penal Law § 265.00 [10]; § 400.00 [1], [3], [10].

The petitioner's remaining contentions are without merit. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.