In the Matter of FRANK S. PIGNATARO, JR., Petitioner, v SUSAN CACACE, Respondent. [936 NYS2d 267]—

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be of good moral character with no prior convictions of a felony or serious offense, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [g]). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (*Matter of Velez v DiBella*, 77 AD3d 670, 670 [2010] [internal quotation marks omitted]; *see* Penal Law § 400.00 [1] [g]; *Matter of Gonzalez v Lawrence*, 36 AD3d 807, 808 [2007]; *Matter of Orgel v DiFiore*, 303 AD2d 758, 758 [2003]). Contrary to the petitioner's contention, the respondent's determination that good cause existed to deny his application based upon the petitioner's criminal history, which consisted of two convictions, one for the offense of harassment in the second degree, which led to the issuance of an order of protection against him, was not arbitrary and capricious and

should not be disturbed (see Matter of Bagan v Reitz, 85 AD3d 782 [2011]; Matter of Velez v DiBella, 77 AD3d at 670; Matter of Madden v Marlow, 214 AD2d 735 [1995]).

We reject the petitioner's claim that the respondent unlawfully abdicated her decision-making authority to the Westchester Department of Public Safety (hereinafter the Department) by following its recommendation to deny the application. The respondent's written decision denying the application demonstrates that the Department's recommendation was not the sole basis for her determination (see Matter of Velez v DiBella, 77 AD3d at 670; cf. Matter of Buffa v Police Dept. of Suffolk County, 47 AD2d 841 [1975]).

Contrary to the petitioner's contention, the respondent clearly and succinctly set forth her reasons for denying his application in her decision (see Penal Law § 400.00 [4-a]; cf. Matter of Seltzer v Kane, 242 AD2d 302 [1997]). Moreover, the petitioner was given an opportunity to respond to the objections to his application (see Matter of DiMonda v Bristol, 219 AD2d 830, 830-831 [1995]; cf. Matter of Babu v Lange, 164 AD2d 910 [1990]).

The petitioner's remaining contentions are without merit. Dickerson, J.P., Hall, Austin and Miller, JJ., concur.