Froceeding pursuant to CFLR article 78 to review a determination of the respondent Carol S. Klein, a Judge of the Family *847 Court and an Acting Justice of the Supreme Court, Orange County, dated September 1, 2011, which, after a hearing, denied the petitioner’s application for a pistol license.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
As an initial matter, this proceeding was properly commenced as an original proceeding before this Court since the respondent named in this proceeding is an Acting Justice of the Supreme Court, as well as a Judge of the Family Court, and, therefore, this Court has subject matter jurisdiction to entertain this proceeding (see CPLR 7804 [b]; 506 [b] [1]).
The standard for reviewing the denial of an application for a pistol license is whether the determination of the licensing officer was arbitrary and capricious (see CPLR 7803 [3]; Matter of Velez v DiBella, 77 AD3d 670 [2010]).
Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, and a person “concerning whom no good cause exists for the denial of the license” (Penal Law § 400.00 [1] [g]; see Matter of Velez v DiBella, 77 AD3d at 670). “A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause” (Matter of Orgel v DiFiore, 303 AD2d 758, 758 [2003]; see Penal Law § 400.00 [1] [g]; Matter of Velez v DiBella, 77 AD3d at 670; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808 [2007]).
Contrary to the petitioner’s contention, the licensing officer’s determination that good cause existed to deny the application based upon the petitioner’s criminal history, which consisted of four arrests, between the years of 1993 and 2007, for harassment and unwanted contact with three separate female complainants, was not arbitrary and capricious (see Matter of Velez v DiBella, 77 AD3d at 670; Matter of Gonzalez v Lawrence, 36 AD3d at 808; Matter of Madden v Marlow, 214 AD2d 735 [1995]). The fact that the petitioner’s arrests were resolved with conditional discharges, adjournments in contemplation of dismissal and, in one case, a dismissal in the petitioner’s favor, did not preclude the licensing officer from considering the underlying circumstances surrounding those arrests in denying the application (see Matter of Velez v DiBella, 77 AD3d at 670-671; Matter of Gonzalez v Lawrence, 36 AD3d at 808).
Finally, the petitioner’s contention, in effect, that the licensing eligibility requirements of Penal Law § 400.00 (1) infringe *848 upon his right to keep and bear arms, guaranteed by the Second and Fourteenth Amendments to the United States Constitution and, thus, that the determination was affected by an error of law, is also without merit. The decisions upon which the petitioner relies, District of Columbia v Heller (554 US 570 [2008]) and McDonald v Chicago (561 US —, 130 S Ct 3020 [2010]), are distinguishable in that they involved the rights of individuals to possess handguns in their homes, whereas, in this proceeding, the petitioner seeks a license which would allow him to carry a concealed pistol without regard to the nature of his employment or the place of the possession.
Accordingly, the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.