■ In the Matter of NICOLE LAWTONE-BOWLES, Petitioner, v CAROL S. KLEIN et al., Respondents. [15 NYS3d 445]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Carol S. Klein, a Judge of the Family Court and an Acting Justice of the Supreme Court, Orange County, dated April 25, 2014, which denied the petitioner's application for a pistol license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits insofar as asserted against the respondent Carol S. Klein, and the petition and proceeding are dismissed for lack of subject matter jurisdiction insofar as asserted against the respondent Louis Roman, without costs or disbursements.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent Carol S. Klein, a Judge of the Family Court and an Acting Justice of the Supreme Court, denying her application for a pistol license. The petitioner named, as respondents, not only Acting Justice Klein, but also the Orange County Sheriff's Office, the Orange County Clerk's Office-Pistol Permit Unit, and Louis Roman, a former investigator for the Orange County Sheriff's Office. In a decision and order on motion dated January 20, 2015, this Court granted the motion of the Orange County Sheriff's Office and the Orange County Clerk's Office-Pistol Permit Unit to dismiss the petition insofar as asserted against them for lack of personal jurisdiction (*see Matter of Lawtone-Bowles v Klein*, 2015 NY Slip Op 61626[U] [2d Dept 2015]).

The petition and the proceeding must be dismissed insofar as asserted against Roman, since he is neither a Judge of a County Court nor a Justice of the Supreme Court and, hence, this Court lacks subject matter jurisdiction over the proceeding insofar as asserted against him (*see Matter of Nolan v Lungen*, 61 NY2d 788, 790 [1984]; *see also Matter of Morales v Woods*, 85 AD3d 924 [2011]; *Matter of Brown v Woods*, 85 AD3d 912 [2011]; *Matter of Lawtone-Bowles v New York State Family Ct. Pistol Permit Unit*, 81 AD3d 829 [2011]).

The standard for reviewing the denial of an application for a pistol license is whether the determination of the licensing officer was arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Kelly v Klein*, 96 AD3d 846, 847 [2012]).

Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious of-

fense, who has not had a license revoked or who is not under a suspension or ineligibility order, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [n]; *see Matter of Velez v DiBella*, 77 AD3d 670, 670 [2010]). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (*Matter of Orgel v DiFiore*, 303 AD2d 758, 758 [2003]; *see* Penal Law § 400.00 [1] [n]; *Matter of Velez v DiBella*, 77 AD3d at 670; *Matter of Gonzalez v Lawrence*, 36 AD3d 807, 808 [2007]).

Contrary to the petitioner's contention, the licensing officer's determination that good cause existed to deny the application was not arbitrary and capricious. The determination was rationally based, inter alia, on the petitioner's criminal history (*see Matter of Kelly v Klein*, 96 AD3d at 847; *Matter of Velez v DiBella*, 77 AD3d at 670; *Matter of Gonzalez v Lawrence*, 36 AD3d at 808; *Matter of Madden v Marlow*, 214 AD2d 735, 735 [1995]). Moreover, the licensing officer, by her own observation, found that the petitioner had issues with judgment, credibility, the ability to stay in control, and general moral fitness.

Accordingly, the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits insofar as asserted against the respondent Carol S. Klein. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.