■ In the Matter of JOSHUA E. PRAINO, Petitioner, v PETER M. FORMAN, a Judge of the County Court, Dutchess County, Respondent. [34 NYS3d 907]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Peter M. Forman, a Judge of the County Court, Dutchess County, dated June 16, 2015, which denied the petitioner's application for a pistol license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The standard for reviewing the denial of an application for a pistol license is whether the determination of the licensing officer was arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Kelly v Klein*, 96 AD3d 846, 847 [2012]).

Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, *inter alia*, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, a person who has not had a license revoked or who is not under a suspension or ineligibility order, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [n]; *see Matter of Velez v DiBella*, 77 AD3d 670, 670 [2010]). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (*Matter of Orgel v DiFiore*, 303 AD2d 758, 758 [2003]; *see* Penal Law § 400.00 [1] [n]; *Matter of Velez v DiBella*, 77 AD3d at 670; *Matter of Gonzalez v Lawrence*, 36 AD3d 807, 808 [2007]).

Contrary to the petitioner's contention, the licensing officer's determination that good cause existed to deny his application for a pistol license was not arbitrary and capricious. The petitioner failed to disclose all of the required details of his three prior arrests, thus hindering the licensing officer's ability to determine his moral fitness to possess a pistol. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.