■ In the Matter of PHILIP A. ARMACIDA, Petitioner, v JAMES F. REITZ, a Judge of the County Court, Putnam County, et al., Respondents. [34 NYS3d 636]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent James F. Reitz, a Judge of the County Court, Putnam County, dated September 22, 2015, which, after a hearing, denied the petitioner's application for a pistol permit. Motion by the respondent Putnam County Sheriff to dismiss the proceeding insofar as asserted against him.

Ordered that the motion is granted, and the proceeding is dismissed insofar as asserted against the respondent Putnam County Sheriff for lack of subject matter jurisdiction; and it is further,

Adjudged that the determination of the respondent James F.

Reitz, a Judge of the County Court, Putnam County, is confirmed, that branch of the petition which was to annul the determination is denied, and the proceeding is dismissed on the merits insofar as asserted against that respondent; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The standard for reviewing the denial of an application for a pistol license is whether the determination of the licensing officer was arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Kelly v Klein*, 96 AD3d 846, 847 [2012]). Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be: at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, a person who has not had a license revoked or who is not under a suspension or ineligibility order, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [n]; *see Matter of Velez v DiBella*, 77 AD3d 670, 670 [2010]). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (*Matter of Orgel v DiFiore*, 303 AD2d 758, 758 [2003]; *see* Penal Law § 400.00 [1] [n]; *Matter of Velez v DiBella*, 77 AD3d at 670; *Matter of Gonzalez v Lawrence*, 36 AD3d 807, 808 [2007]).

Contrary to the petitioner's contention, the licensing officer's determination that good cause existed to deny the application was not arbitrary and capricious. There was credible evidence that the petitioner forged the signature of one of his character references on his pistol permit application. Accordingly, the determination must be confirmed, that branch of the petition which was to annul the determination denied, and the proceeding dismissed insofar as asserted against the respondent James F. Reitz.

The respondent Putnam County Sheriff is not a proper party to this proceeding. Accordingly, the proceeding must be dismissed insofar as asserted against that respondent for lack of subject matter jurisdiction (*see* CPLR 506 [b]; *Matter of Bagan v Reitz*, 85 AD3d 782, 783 [2011]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.