■ In the Matter of WALTER JACKSON, Petitioner, v ADRIAN H. ANDERSON et al., Respondents. [52 NYS3d 448]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Peter M. Forman, a Judge of the County Court, Dutchess County, dated December 8, 2015, denying the petitioner's application for an amendment to his pistol license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [n]). A person may also apply to amend his or her pistol license to include additional weapons (see Penal Law § 400.00 [9]). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Orgel v DiFiore, 303 AD2d 758, 758 [2003]; see Penal Law § 400.00 [1] [n]; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808 [2007]).

Contrary to the petitioner's contention, the determination of the respondent Peter F. Forman (hereinafter the respondent) that good cause existed, based on the petitioner's criminal history, to deny the petitioner's application to amend his license to include additional handguns was not arbitrary and capricious, and should not be disturbed (see Matter of Velez v DiBella, 77 AD3d 670, 670-671 [2010]; Matter of Gonzalez v Lawrence, 36 AD3d at 808). The fact that the majority of the petitioner's arrests resulted in the dismissal of the charges against him, or were ultimately resolved in his favor, did not preclude the respondent from considering the underlying circumstances surrounding those arrests in denying the application (see Matter of Velez v DiBella, 77 AD3d at 670-671; Matter of Gonzalez v Lawrence, 36 AD3d at 808).

Moreover, the petitioner's constitutional challenge to the licensing scheme is unfounded (see Matter of Gonzalez v Lawrence, 36 AD3d 807 [2007]). We further note that the petitioner's contention that certain aspects of the licensing eligibility requirements of Penal Law § 400.00 (1) unconstitutionally infringe upon his right to bear arms under the Second Amendment (US Const 2d Amend) is not properly before this Court in an original proceeding pursuant to CPLR article 78, as a declaratory judgment action is the proper vehicle for challenging the constitutionality of a statute (see Matter of Velez v

*DiBella,* 77 AD3d at 671). Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.