Matter of DeSandre v Blackwood (2018 NY Slip Op 04716)





Matter of DeSandre v Blackwood


2018 NY Slip Op 04716


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-09329

[*1]In the Matter of Kathleen DeSandre, petitioner,
v
Helen M. Blackwood, etc., respondent.


Tilem & Associates, P.C., White Plains, NY (Peter H. Tilem of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Carly Weinberg of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Helen M. Blackwood, a Judge of the County Court, Westchester County, dated May 17, 2017, which, after a hearing, denied the petitioner's application for a pistol license.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that the determination is annulled, and the matter is remitted to the respondent to grant the petitioner's application for a pistol license, the petition is otherwise denied, and the proceeding is otherwise dismissed.
The petitioner filed an application for a pistol license for the purpose of engaging in sport target practice with her family and friends. In a determination dated May 17, 2017, the respondent, Helen M. Blackwood, a Judge of the County Court, Westchester County, after a hearing, denied the petitioner's application based upon the fact that the petitioner had previously been arrested for shoplifting and charged with petit larceny, which charge was later adjourned in contemplation of dismissal (hereinafter ACD) and ultimately dismissed. In September 2017, the petitioner commenced this CPLR article 78 proceeding, alleging, among other things, that the respondent's determination was arbitrary and capricious.
"The standard for reviewing the denial of an application for a pistol license is whether the determination of the licensing officer was arbitrary and capricious" (Matter of Kelly v Klein, 96 AD3d 846, 847; see Matter of Velez v DiBella, 77 AD3d 670). Pursuant to Penal Law § 400.00(1), no license to carry and possess a firearm may be issued if, among other things, the applicant has been convicted of a felony or a serious offense (see Penal Law § 400.00[1]). [*2]The applicant must also be of good moral character and, if in Westchester County, must successfully complete a firearms safety course and test as evidenced by a certificate of completion (see Penal Law § 400.00[1]).
Here, the respondent's determination denying the petitioner's application for a pistol license was arbitrary and capricious. Although the respondent was entitled to consider the circumstances surrounding the petitioner's arrest that was resolved with an ACD (see Matter of Kelly v Klein, 96 AD3d at 847), those circumstances did not, under the particular facts of this case, warrant the denial of the petitioner's application. The record reflects that the petitioner properly disclosed her arrest in her application (cf. Matter of Praino v Forman, 141 AD3d 664, 664), and testified candidly at the hearing about the underlying facts, which involved an attempt to shoplift seafood from a store, as well as her embarrassment stemming from the incident. Further, the record demonstrates that the petitioner, who was 74 years old at the time of the hearing, had no other arrests nor been convicted of any crime, and had successfully completed a firearms safety course and test. Additionally, two members of the Westchester County Department of Public Safety, Pistol License Unit, recommended approval of the petitioner's application after an investigation of her background.
The petitioner's remaining contentions are without merit.
Accordingly, we must annul the determination denying the petitioner's application for a pistol license, and remit the matter to the respondent to grant the application.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court