Matter of Tuttle v Cacace (2018 NY Slip Op 05768)





Matter of Tuttle v Cacace


2018 NY Slip Op 05768


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-01640

[*1]In the Matter of Robert K. Tuttle, petitioner, 
v
Susan Cacace, etc., respondent.


Robert K. Tuttle, New Rochelle, NY, petitioner pro se.
Barbara D. Underwood, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Susan Cacace, a Judge of the County Court, Westchester County, dated January 3, 2018, which, without a hearing, denied the petitioner's application for a pistol license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The standard for reviewing the denial of an application for a pistol license is whether the determination of the licensing officer was arbitrary and capricious (see CPLR 7803[3]; Matter of Armacida v Reitz, 141 AD3d 713, 714; Matter of Kelly v Klein, 96 AD3d 846, 847). Penal Law § 400.00(1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, a person who has not had a license revoked or who is not under a suspension or ineligibility order, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00[1][n]; see Matter of Velez v DiBella, 77 AD3d 670, 670). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Orgel v DiFiore, 303 AD2d 758, 758; see Penal Law § 400.00[1][n]; Matter of Velez v DiBella, 77 AD3d at 670; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808).
Contrary to the petitioner's contention, the respondent's determination that good cause existed to deny the application for a pistol license was not arbitrary and capricious. The petitioner's five prior arrests, two of which he failed to disclose on his application, were sufficient to support the respondent's determination (see Matter of Fortuniewicz v Cohen, 54 AD3d 952; Matter of Gonzalez v Lawrence, 36 AD3d at 808). The fact that the charges against the petitioner were dismissed and/or adjourned in contemplation of dismissal and eventually dismissed does not disqualify the circumstances surrounding the arrests from consideration (see Matter of Gonzalez v Lawrence, 36 AD3d at 808). Accordingly, the determination should be confirmed, the petition denied, and the proceeding dismissed on the merits.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court