Matter of Nelson v County of Suffolk (2019 NY Slip Op 02524)





Matter of Nelson v County of Suffolk


2019 NY Slip Op 02524


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-12095
 (Index No. 16113/15)

[*1]In the Matter of Patricia Nelson, appellant,
v
County of Suffolk, et al., respondents.


Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola and Nicole Bohler of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Megan O'Donnell and Daniel Furshpan of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the County of Suffolk Police Department dated June 5, 2015, which affirmed a determination of the Pistol Licensing Bureau of the County of Suffolk Police Department dated January 19, 2015, denying the petitioner's application for a pistol license, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated June 14, 2016. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner's pistol license was suspended in November 2010. After an investigation, her pistol license was revoked in 2013. The petitioner applied for a pistol license in 2014, and after an additional investigation that included interviews and written statements, the County of Suffolk Police Department denied her application. The petitioner commenced this CPLR article 78 proceeding to review the determination. The Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
" A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause'" (Matter of Armacida v Reitz, 141 AD3d 713, 714, quoting Matter of Orgel v DiFiore, 303 AD2d 758, 758; see Matter of Kelly v Klein, 96 AD3d 846, 847; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808). Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review " whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious'" (Matter of Karagolian v Walsh, 107 AD3d 715, 715, quoting Matter of Moreno v Cacace, 61 AD3d 977, 978).
Contrary to the petitioner's contention, the determination denying her application for a pistol license had a rational basis and was not arbitrary or capricious. A 911 emergency call made by the petitioner's mother regarding threats made by the petitioner against the mother provided a rational basis for the licensing officer to believe that the petitioner "had issues with judgment, credibility, the ability to stay in control, and general moral fitness" (Matter of Lawtone-Bowles v [*2]Klein, 131 AD3d 697, 699). Moreover, the licensing officer questioned the petitioner's credibility and found that the petitioner's explanation of the 911 call during her application process was "highly suspect." These "apparent inconsistencies [or] untruths" in her application also provided a rational basis to deny her a pistol license (Matter of Capuano v Mahoney, 232 AD2d 482, 483; see Matter of Willis v Treder, 127 AD2d 667).
Accordingly, we agree with the Supreme Court's determination, in effect, to deny the petition and dismiss the proceeding.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court