Matter of Harrison v Warhit (2021 NY Slip Op 00172)





Matter of Harrison v Warhit


2021 NY Slip Op 00172


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-14169

[*1]In the Matter of Jamal Harrison, petitioner,
v
Barry Warhit, etc., respondent. Jonna M. Spilbor, Poughkeepsie, NY, for petitioner.


Letitia James, Attorney General, New York, NY (Elizabeth A. Figueira of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Barry Warhit, a Justice of the Supreme Court, Westchester County, dated August 9, 2019, which, after a hearing, denied the petitioner's application for a pistol license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Contrary to the respondent's contention, the instant proceeding was timely commenced (see CPLR 217; Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834; Matter of DeSabato v Board of Assessors of Town of Islip, 248 AD2d 469, 469; Matter of Munroe v Ponte, 148 AD3d 1025, 1026-1027).
Penal Law § 400.00(1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, a person who has not had a license revoked or who is not under a suspension or ineligibility order, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00[1][n]; see Matter of Tuttle v Cacace, 164 AD3d 678, 678). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Orgel v DiFiore, 303 AD2d 758, 758; see Penal Law § 400.00[1][n]; Matter of Nelson v County of Suffolk, 171 AD3d 756, 756-757; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808). "Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review 'whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious'" (Matter of Nelson v County of Suffolk, 171 AD3d at 757, quoting Matter of Karagolian v Walsh, 107 AD3d 715, 716 [internal quotation marks omitted]).
Contrary to the petitioner's contention, the respondent's determination that good cause existed to deny the application for a pistol license was rationally based, and neither arbitrary nor capricious. The petitioner's five prior arrests, one of which terminated in a plea of guilty to criminal trespass in the third degree and one of which terminated in a plea of guilty to disorderly conduct, and his failure to disclose the arrests on a prior pistol license application, were sufficient to support the respondent's determination (see Matter of Tuttle v Cacace, 164 AD3d at 678; Matter [*2]of Kelly v Klein, 96 AD3d 846, 847; Matter of Velez v DiBella, 77 AD3d 670, 670; Matter of Gonzalez v Lawrence, 36 AD3d at 808). The fact that the charges against the petitioner in three cases were dismissed and/or adjourned in contemplation of dismissal and eventually dismissed does not disqualify the circumstances surrounding the arrests from consideration (see Matter of Tuttle v Cacace, 164 AD3d at 678; Matter of Kelly v Klein, 96 AD3d at 847; Matter of Gonzalez v Lawrence, 36 AD3d at 808). The petitioner's remaining contentions are without merit.
Accordingly, the determination should be confirmed, the petition denied, and the proceeding dismissed on the merits.
MASTRO, A.P.J., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court