Matter of Robbins v Warhit (2021 NY Slip Op 05573)





Matter of Robbins v Warhit


2021 NY Slip Op 05573


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2021-02018

[*1]In the Matter of Marvin Robbins, petitioner,
v
Barry E. Warhit, etc., respondent.


Tilem & Associates, P.C., White Plains, NY (Robert M. Schechter and Peter H. Tilem of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anjali Bhat of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Barry E. Warhit, a Justice of the Supreme Court, Westchester County, dated November 18, 2020, which, after a hearing, denied the petitioner's application for a pistol license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Penal Law § 400.00(1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00[1][n]; see Matter of Tuttle v Cacace, 164 AD3d 678, 678). "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Orgel v DiFiore, 303 AD2d 758, 758; see Penal Law § 400.00[1][n]; Matter of Nelson v County of Suffolk, 171 AD3d 756, 756-757; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808). "Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review 'whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious'" (Matter of Nelson v County of Suffolk, 171 AD3d at 757, quoting Matter of Karagolian v Walsh, 107 AD3d 715, 716 [internal quotation marks omitted]). 
Contrary to the petitioner's contention, the respondent's determination that good cause existed to deny the application for a pistol license was rationally based, and neither arbitrary nor capricious. The petitioner's two prior arrests were sufficient to support the respondent's determination (see Matter of Tuttle v Cacace, 164 AD3d at 678; Matter of Kelly v Klein, 96 AD3d 846, 847; Matter of Velez v DiBella, 77 AD3d 670, 670; Matter of Gonzalez v Lawrence, 36 AD3d at 808). The fact that both charges against the petitioner were dismissed does not disqualify the circumstances surrounding the arrests from consideration (see Matter of Tuttle v Cacace, 164 AD3d at 678; Matter of Kelly v Klein, 96 AD3d at 847; Matter of Gonzalez v Lawrence, 36 AD3d at 808).
The petitioner's claim that the respondent unlawfully abdicated his decision-making authority to the Westchester Department of Public Safety (hereinafter the Department) by following [*2]its recommendation to deny the application is without merit. The respondent's written decision denying the application demonstrates that the Department's recommendation was not the sole basis for his determination (see Matter of Velez v DiBella, 77 AD3d at 671).
Moreover, the petitioner's constitutional challenge to the licensing scheme is unfounded (see Matter of Jackson v Anderson, 149 AD3d 933, 934; Matter of Gonzalez v Lawrence, 36 AD3d at 808). To the extent that the petitioner contends that certain aspects of the licensing eligibility requirements of Penal Law § 400.00(1) unconstitutionally infringe upon his right to bear arms under the Second Amendment (US Const, 2d Amend), this claim is not properly before this Court in an original proceeding pursuant to CPLR article 78, as a declaratory judgment action is the proper vehicle for challenging the constitutionality of a statute (see Matter of Jackson v Anderson, 149 AD3d at 934).
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court