Matter of Fitzgerald v McLoughlin (2021 NY Slip Op 05561)





Matter of Fitzgerald v McLoughlin


2021 NY Slip Op 05561


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2021-01340

[*1]In the Matter of Mark Fitzgerald, petitioner, 
v
Edward T. McLoughlin, etc., respondent.


The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner. 
Letitia James, Attorney General, New York, NY (Shi-Shi Wang of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Edward T. McLoughlin, a Judge of the County Court, Dutchess County, dated October 22, 2020, denying the petitioner's application to amend his pistol license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review a determination of the respondent, Edward T. McLoughlin, a Judge of the County Court of Dutchess County, which denied his application to amend his pistol license.
Penal Law § 400.00(1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be at least 21 years of age, of good moral character with no prior convictions of a felony or serious offense, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00[1][n]). A person may also apply to amend his or her pistol license to include additional weapons (see Penal Law § 400.00[9]). A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for good cause (see Penal Law § 400.00[1]; Matter of Jackson v Anderson, 149 AD3d 933, 934).
Contrary to the petitioner's contention, the respondent's determination that good cause existed, based on the petitioner's criminal history, to deny the petitioner's application to amend his license to include an additional handgun was not arbitrary and capricious, and should not be disturbed (see Matter of Jackson v Anderson, 149 AD3d 933, 934).
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court