Matter of Harper v Neary (2024 NY Slip Op 01176)

Matter of Harper v Neary

2024 NY Slip Op 01176

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-02620

[*1]In the Matter of Rodney Harper, petitioner/plaintiff,
v
Robert Neary, etc., et al., respondents/defendants.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner/plaintiff.
Letitia James, Attorney General, New York, NY (Anjali Bhat of counsel), for respondent/defendant Robert Neary.
John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin of counsel), for respondents/defendants Terrance Raynor and Westchester County Department of Public Safety.

DECISION & JUDGMENT
Hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Robert Neary, a Justice of the Supreme Court, Westchester County, dated November 10, 2022, which denied the application of the petitioner/plaintiff for a pistol license, and action for declaratory and injunctive relief.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding/action is dismissed on the merits, with costs.
The petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, inter alia, to challenge a determination denying his application for a pistol license.
The petitioner's cause of action for a declaratory judgment is not properly before this Court in this original proceeding (see Matter of Sibley v Watches, 194 AD3d 1385, 1388; Matter of Nelson v Stander, 79 AD3d 1645).
To demonstrate his entitlement to a permanent injunction, the petitioner was required to show "(1) a violation of a right presently occurring, or threatened and imminent, (2) that he had no adequate remedy at law, (3) that serious and irreparable harm will result absent the injunction, and (4) that the equities are balanced in his favor" (Murray v Town of N. Castle, N.Y., 203 AD3d 150, 156-157; see Anson v Incorporated Vil. of Freeport, 193 AD3d 799, 802). "[I]njunctive relief is simply not available when the plaintiff does not have any . . . substantive cause of action against [the] defendants" (Weinreb v 37 Apts. Corp., 97 AD3d 54, 58-59; see Hogue v Village of Dering Harbor, 199 AD3d 900, 903).
The petitioner failed to set forth any substantive cause of action that would support injunctive relief. As noted herein, the petitioner's constitutional challenge to Penal Law § 400.00 is not properly before this Court (see Matter of Sibley v Watches, 194 AD3d at 1388; Matter of [*2]Nelson v Stander, 79 AD3d at 1647). Further, contrary to the petitioner's contention, an investigating authority is not prohibited by Penal Law § 400.00 from making recommendations as to a license application (see id. § 400.00[4]; see also Matter of Robbins v Warhit, 198 AD3d 790, 791; Matter of Velez v DiBella, 77 AD3d 670, 671). Consequently, the petitioner set forth no substantive cause of action that would warrant injunctive relief.
The petitioner's contention that certain aspects of the licensing eligibility requirements of Penal Law § 400.00 unconstitutionally infringe upon his right to bear arms under the Second Amendment of the United States Constitution is not properly before this Court in an original proceeding pursuant to CPLR article 78, as a declaratory judgment action, commenced in the Supreme Court, is the proper vehicle for challenging the constitutionality of a statute (see Matter of Robbins v Warhit, 198 AD3d at 791; Matter of Jackson v Anderson, 149 AD3d 933, 934).
Contrary to the petitioner's contention, the determination to deny his pistol license application was rationally based, and neither arbitrary nor capricious. "A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Orgel v DiFiore, 303 AD2d 758, 758; see Penal Law § 400.00[1]; Matter of Nelson v County of Suffolk, 171 AD3d 756, 756-757). "Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review 'whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious'" (Matter of Nelson v County of Suffolk, 171 AD3d at 757, quoting Matter of Karagolian v Walsh, 107 AD3d 715, 716 [internal quotation marks omitted]).
Here, the petitioner's criminal history was sufficient to support the determination to deny his application (see Matter of Robbins v Warhit, 198 AD3d at 791; Matter of Tuttle v Cacace, 164 AD3d 678; Matter of Kelly v Klein, 96 AD3d 846, 847; Matter of Velez v DiBella, 77 AD3d 670).
"'The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated'" (Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615, quoting Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 802; see CPLR 7803[1]).
Penal Law § 400.00 does not establish a clear legal right to a pistol license, nor does the statute require the licensing officer to perform any ministerial act. Rather, the statute empowers the licensing officer to exercise discretion to determine, inter alia, whether the applicant is of "good moral character" and to review the results of a background investigation (id. § 400.00[1]; see § 400[4]). Consequently, the petitioner is not entitled to mandamus relief pursuant to CPLR 7803(1) (see Matter of Mari v DeProspo, 175 AD3d 596; see also Matter of Brooke v Russo, 189 AD3d 1032).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court