Matter of Sherr v Everett (2024 NY Slip Op 03433)

Matter of Sherr v Everett

2024 NY Slip Op 03433

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2023-06034

[*1]In the Matter of Robert Sherr, petitioner,
v
David F. Everett, etc., respondent.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anjali Bhat of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent, David F. Everett, a Justice of the Supreme Court, Westchester County, dated April 28, 2023, which denied, without a hearing, the petitioner's application to amend his pistol permit.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In 2019, the petitioner applied for a pistol permit (hereinafter the target permit) for the purpose of target shooting. The Westchester County Department of Public Safety (hereinafter the Public Safety Department) reviewed the application and a fingerprint background check of the petitioner. In his application, the petitioner did not disclose a prior arrest. However, the fingerprint background check revealed that the petitioner was arrested in 1994, when he was 37 years old, and charged with aggravated harassment in the second degree and assault in the third degree. The charges arose from an alleged incident that took place outside of a hotel at approximately 1:00 a.m., where the petitioner, while in concealed possession of a .38 caliber Smith & Wesson handgun, used a racial slur while threatening to shoot another individual and then proceeded to put that individual in a headlock. Upon inquiry to the Division of Criminal Justice Services, the Public Safety Department was advised that the arrest and underlying fingerprint records had been sealed, but "the record [was] open for the purpose of pistol licensing."
In addition to failing to disclose his arrest, the petitioner "adamantly denied having ever been arrested" when the Public Safety Department's captain called him to inquire about it. The Public Safety Department's investigation further revealed that, although the petitioner's application indicated that he was granted a pistol license in New York City, the petitioner failed to indicate that his New York City "[b]usiness [c]arry handgun license" had been cancelled in December 2018. In an April 2019 letter, the Public Safety Department ultimately recommended "disapproval" of the petitioner's application for the target permit, finding, among other things, that the petitioner did not demonstrate "the temperament and good moral character . . . required to possess a firearm license."
Notwithstanding the Public Safety Department's recommendation, in June 2019, the petitioner's application for the target permit was granted.
In January 2023, the petitioner filed an application to amend his target permit to an unrestricted "[c]arry [c]oncealed" pistol permit (hereinafter the concealed carry permit). This application was considered by the respondent, David F. Everett, a Justice of the Supreme Court, Westchester County. The respondent reviewed the recommendation letter that the Public Safety Department had prepared in conjunction with the petitioner's application for the target permit and conducted an in-person interview of the petitioner.
By determination dated April 28, 2023, the respondent denied the application for the concealed carry permit, in effect, on the ground that the petitioner did not meet the good moral character standard in Penal Law § 400.00(1). The respondent found, inter alia, that under the circumstances, "serious questions" had been raised about the petitioner's fitness to be issued the concealed carry permit. The petitioner commenced this proceeding pursuant to CPLR article 78, among other things, to review the respondent's determination.
An applicant for a pistol permit is required to be "of good moral character, which . . . shall mean having the essential character, temperament and judgement necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others" (Penal Law § 400.00[1][b]; see Matter of Maher v Hyun Chin Kim, 223 AD3d 906, 906). The standard for reviewing the denial of a pistol permit application is whether the determination was arbitrary and capricious (see Matter of Maher v Hyun Chin Kim, 223 AD3d at 906; Matter of Cambronne v Russo, 219 AD3d 484, 485). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Maher v Hyun Chin Kim, 223 AD3d at 906).
Contrary to the petitioner's contention, the respondent's determination denying his application for the concealed carry permit was rationally based, and not arbitrary and capricious. The record reflects, among other things, that the petitioner was arrested and charged with crimes related to an incident involving a racially motivated threat of gun violence, and he omitted that arrest from his application for the target permit and adamantly denied the arrest when the Public Safety Department's captain specifically asked him about it (see Penal Law § 400.00[1][b]; Matter of Tuttle v Cacace, 164 AD3d 678, 678; Matter of Praino v Forman, 141 AD3d 664, 664).
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536). Contrary to the petitioner's contention, the petitioner failed to demonstrate a clear legal right to the relief sought (see Matter of Brooke v Russo, 189 AD3d 1032, 1033; Matter of Mari v DeProspo, 175 AD3d 596, 596; Matter of Lawtone-Bowles v Klein, 83 AD3d 843, 844).
To the extent that the petitioner contends that certain aspects of the licensing eligibility requirements of Penal Law § 400.00(1) unconstitutionally infringe upon his right to bear arms under the Second Amendment (US Const, 2d Amend), such claim for relief is not properly before this Court in an original proceeding pursuant to CPLR article 78, as a declaratory judgment action is the proper vehicle for challenging the constitutionality of a statute (see Matter of Robbins v Warhit, 198 AD3d 790, 791; Matter of Jackson v Anderson, 149 AD3d 933, 934).
To the extent that the petitioner seeks injunctive relief, he is not entitled to any such relief in this proceeding. The issuance of an injunction is generally beyond the scope of a licensing officer's powers to deny or grant a pistol permit application (see Penal Law § 400.00[4-a]; Matter of Goldstein v Schwartz, 185 AD3d 929, 930).
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court