Matter of Tate v O'Neill (2020 NY Slip Op 06225)





Matter of Tate v O'Neill


2020 NY Slip Op 06225


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 151123/19 Appeal No. 12250 Case No. 2020-02273 

[*1]In re Reginald Tate, Petitioner-Appellant,
v
James O'Neill, etc., et al., Respondents-Respondents.


The Bellantoni Law Firm, PLLC, Scarsdale (Amy L. Bellantoni of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about September 24, 2019, denying the petition to annul respondents' determination, dated October 18, 2018, which disapproved petitioner's two applications for a carry guard handgun license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' determination that petitioner did not demonstrate the requisite good moral character to be issued with a license to carry a handgun in public is rationally based on the evidence of petitioner's arrest history, including an arrest for slashing a dog's face with a samurai sword, and his poor driving history (Penal Law § 400.00; 38 RCNY 5-10; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 230-231 [1974]). The fact that petitioner's arrests resulted in the dismissal of the charges against him or adjournment in contemplation of dismissal did not preclude respondents from considering the circumstances surrounding those arrests in assessing his suitability for a license (Matter of Servedio v Bratton , 268 AD2d 356 [1st Dept 2000]).
Petitioner's argument that the fact that he had previously been issued a premises handgun license obviated the need for any inquiry into his fitness for another license is contrary to the plain language of the statute (see Penal Law § 400.00[1]-[4]). Further, the distinction respondents draw between a premises license and a carry guard license based on the latter's greater implication of public safety concerns is rational.
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020