People v Parada (2026 NY Slip Op 01320)

People v Parada

2026 NY Slip Op 01320

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Ind. No. 3800/06|Appeal No. 6028|Case No. 2023-04296|

[*1]The People of the State of New York, Respondent,
vLuis Parada, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Hanna Wallace of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Mallory Phelps of counsel), for respondent.

Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about
August 3, 2023, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The substantial majority of the considerations advanced by defendant as mitigating circumstances were clearly and adequately accounted for in the RAI issued by the Board and, to the extent that defendant identifies considerations that were not, they were plainly outweighed by the seriousness of the underlying criminal conduct, which included the repeated anal rape over a two-year period, of a girl who had been entrusted to defendant's care as her babysitter, and was seven or eight years old when the abuse began (see People v Saxton, 231 AD3d 557 [1st Dept 2024], lv denied 42 NY3d 913 [2025]; People v People v Simmons, 123 AD3d 617 [1st Dept 2014], lv denied 25 NY3d 985 [2015]; People v Cabrera, 91 AD3d 655 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026