■ In the Matter of Gabriel Acosta, Petitioner, v Raymond Kelly, as Police Commissioner of the City of New York, Respondent. [776 NYS2d 466]—

Determination of respondent Police Commissioner, dated December 12, 2002, revoking petitioner's firearms licenses, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered August 14, 2003) dismissed, without costs.

Petitioner's carry license, rifle/shotgun permit and target license were properly revoked upon substantial evidence, inter alia, that he did not surrender all of his firearms to his local precinct as directed by the License Division pending the

investigation of his character and fitness undertaken after his arrest. It appears that petitioner did not surrender certain unique and valuable firearms because he feared that they would be misplaced or damaged by the police, and instead entrusted them to a gun dealer in a "non-remunerative sale" that, apparently, would be consummated only in the event petitioner's licenses were revoked. No basis exists to disturb the Hearing Examiner's finding that this failure to surrender all firearms, the motivation for which was first explained to respondent only at the hearing, was "so egregious" as to demonstrate, without more, petitioner's lack of character and fitness to hold any kind of gun license. We also note the Hearing Examiner's findings that petitioner "sold" the firearms without first notifying and then processing the transaction with the License Division, in violation of 38 RCNY 5-26 (a) and (f), and also failed to inform the License Division of the order of protection issued the day after his arrest and of his change of address (*see Ricatto v Kelly*, 303 AD2d 240 [2003]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.