■ In the Matter of John Ullah, Appellant, v Raymond Kelly, as Statutorily Designated Handgun Licensing Officer and as Police Commissioner of the City of New York, Respondent. [815 NYS2d 83]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 20, 2005, which denied the petition brought pursuant to CPLR article 78 to annul respondent's determination, dated April 26, 2004, denying petitioner's application for a premises residence firearm license, unanimously affirmed, without costs.

In view of the uncontested evidence that, after allowing his firearms license to lapse in 1996, petitioner illegally possessed firearms in his home for some seven years, it cannot be said that respondent Commissioner's determination that petitioner lacked the good judgment, character and fitness to qualify for a premises residence firearms license was arbitrary and capricious or an abuse of the Commissioner's broad discretion (see Matter of Hughes v Doherty, 5 NY3d 100, 105 [2005]; Matter of Acosta v Kelly, 7 AD3d 392, 392-393 [2004], lv denied 3 NY3d

606 [2004]). While we recognize petitioner's admirable military service and employment history, they are insufficient to demonstrate that the denial of his application for a new license was not rationally based (*see Matter of Wong v Kelly*, 12 AD3d 213 [2004], *lv denied* 4 NY3d 708 [2005]; *Matter of Nash v Police Dept. of City of N.Y.*, 271 AD2d 384, 384-385 [2000]). Concur—Tom, J.P., Saxe, Nardelli, Gonzalez and Catterson, JJ.