In the Matter of MITCHELL IMBERMAN, Appellant, v RAYMOND KELLY, as Statutorily Designated Handgun Licensing Officer, and as Police Commissioner of the City of New York, Respondent. [829 NYS2d 81]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered September 6, 2005, which denied the petition seeking to annul respondent's revocation of petitioner's pistol license and rifle/shotgun permit, unanimously affirmed, without costs.

In view of the uncontested evidence that petitioner did not surrender all firearms to his local precinct as directed by the License Division pending investigation of his character and fitness undertaken after his arrest, it cannot be said that respondent's determination was arbitrary and capricious or an abuse of discretion (*see Matter of Acosta v Kelly*, 7 AD3d 392 [2004], *lv denied* 3 NY3d 606 [2004]). It appears that rather than surrendering his handguns to the precinct, petitioner entrusted them to a gun dealer in a nonremunerative "sale" that would be consummated in the event his license was revoked. Such a transaction, undertaken without first notifying the License Division, would constitute a misdemeanor violation of 38 RCNY 5-26 (a) and Penal Law § 265.10 (7). Petitioner also failed to surrender two of his rifles until a later date, rather than immediately, as directed. The fact that he removed these rifles to Westchester does not excuse him from surrendering them when directed to do so.

We have considered petitioner's remaining arguments and find them without merit. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.