■ In the Matter of CARLOS R. DELGADO, Appellant, v RAYMOND KELLY, Respondent. [8 NYS3d 172]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 16, 2013, denying the petition seeking an order directing respondent to, inter alia, grant petitioner's application for a premises residence handgun license, denied by a determination of the Police Department's Handgun Licensing Division (NYPD-LD), dated June 20, 2012, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The NYPD-LD based its determination upon evidence indicating that petitioner made an untruthful statement on his application regarding a domestic violence incident that involved him, his wife and the police. This provided a rational basis for the NYPD-LD to conclude that petitioner did not meet the good moral character standard, given the totality of the information submitted in connection with the application (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Petitioner's argument that the licensing eligibility standards in Penal Law § 400.00 *et seq.*, as applied herein, including the requirements of truthful entries on the license application and demonstration of good moral character, impermissibly impinge upon his Second Amendment right to have a firearm in his home, is unavailing. The licensing scheme at issue satisfies the requisite constitutional standard, intermediate scrutiny, as it serves a governmental interest in maintaining public safety (*see Kachalsky v County of Westchester*, 701 F3d 81, 93 n 17 [2d Cir 2012], *cert denied* 569 US —, 133 S Ct 1806 [2013]; *New York State Rifle & Pistol Assn. v City of New York*, 2015 WL 500172, *7, 2015 US Dist LEXIS 13956, *17-18 [SD NY, Feb. 4, 2015, No. 13-Civ-2115(RWS)]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Manzanet-Daniels and Clark, Kapnick JJ.