Matter of Corbett v City of New York (2018 NY Slip Op 02298)





Matter of Corbett v City of New York


2018 NY Slip Op 02298


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


158273/16 6173A 6173

[*1] In re Jonathan Corbett, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


Jonathan Corbett, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Judgment (denominated an order) of Supreme Court, New York County (Carol R. Edmead, J.), entered February 7, 2017, insofar as it denied the petition and dismissed the proceeding seeking a judgment declaring the "proper cause" requirement of New York's firearms licensing law (Penal Law § 400.00[2][f]) to be facially unconstitutional "insofar as it is interpreted to mean that a citizen must demonstrate a greater need than that of the average citizen, and in combination with the state's blanket ban on open carry" of handguns; declaring three questions on the New York City Police Department's (NYPD) concealed carry license application, relating to applicants' discharge from employment, prior use of "narcotics or tranquilizers," and prior subpoena or testimony before any governmental hearing, to be arbitrary and capricious and violative of the US Constitution 2nd Amendment; and directing respondents to issue petitioner a concealed carry handgun license, unanimously affirmed, without costs. Appeal from that portion of the judgment denying petitioner's request for an order directing NYPD to produce documents responsive to petitioner's request, under the Freedom of Information Law (FOIL), for documents demonstrating how NYPD evaluates concealed carry handgun license applications, unanimously dismissed, without costs, as moot.
The "proper cause" element of New York's handgun licensing scheme (see Penal Law § 400.00[2][f]) passes intermediate constitutional scrutiny, as it is substantially related to the state's important interest in protecting public safety (see Kachalsky v County of Westchester, 701 F3d 81, 96-97 [2d Cir 2012], cert denied sub nom Kachalsky v Capace, 569 US 918 [2013]; see generally People v Hughes, 22 NY3d 44, 52 [2013]; Matter of Delgado v Kelly, 127 AD3d 644 [1st Dept 2015}; New York State Rifle & Pistol Assn. v City of New York, __ F3d __, 2018 WL 1021310, *10-11, 2018 US App LEXIS 4513, at *33 [2d Cir Feb. 23, 2018]). Moreover, viewed as a whole, New York's handgun licensing scheme does not impose any blanket or near-total ban on gun ownership and possession (see Kachalsky, 701 F3d at 94-99).
In addition to the "proper cause" requirement specific to concealed carry licenses, the statute sets forth other requirements, including that the applicant be "of good moral character" (Penal Law § 400.00[1][b]). The three questions on the handgun license application challenged by petitioner, which he refused to answer, relate to 1) whether he has been discharged from any employment; 2) past use, if any, of narcotics or tranquilizers, and 3) past testimony before any executive, legislative or judicial body. These questions are designed to elicit information that can assist the background investigation that is undertaken by the New York Police Department in connection with the application, and accordingly, are justified because they serve to promote the government's "substantial and legitimate interest . . . in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (Matter of Warmouth v Zuckerman, 138 AD3d 752, 753 [2d Dept 2016][internal quotation marks [*2]omitted]; see also Matter of Delgado v Kelly, 127 AD3d 644, supra).
Petitioner has not established that the denial of his application was the result of corruption or other impropriety (see Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834 [1989]; Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct, 244 AD2d 790, 791 [3d Dept 1997], lv denied 92 NY2d 802 [1998]).
Respondents' production of responsive documents, albeit beyond the statutory 10-day limit and "subsequent to the commencement of this article 78 proceeding," mooted his challenge to the denial of his FOIL request, and we accordingly dismiss that portion of the appeal (Matter of Alvarez v Vance, 139 AD3d 459, 460 [1st Dept 2016]; see Matter of Babi v David, 35 AD3d 266, 267 [1st Dept 2006]). Even if the proceeding had not been mooted, the remedy for NYPD's failure to timely respond to the administrative appeal from the denial of the FOIL request would not have been an order directing full production, but rather a "remand for respondent to comply" (Alvarez, 139 AD3d at 460; see Matter of Malloy v New York City Police Dept., 50 AD3d 98, 100 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK