Matter of Franzese v Ryder (2021 NY Slip Op 07285)





Matter of Franzese v Ryder


2021 NY Slip Op 07285


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-01802
 (Index No. 637/18)

[*1]In the Matter of Franco Franzese, respondent,
v
Patrick J. Ryder, etc., et al., appellants.


Jessica Molinares Kalpakis, Acting County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants.
Michael T. Hopkins, Garden City, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Nassau County Police Department dated February 8, 2018, upholding the denial of the petitioner's application for a target/hunting pistol license by the Pistol License Section of the Nassau County Police Department, the appeal is from a judgment of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 7, 2019. The judgment granted the petition, annulled the determination, and directed the Pistol License Section of the Nassau County Police Department to grant the petitioner's application.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
In March 2017, the petitioner submitted an application to the Pistol License Section (hereinafter the PLS) of the Nassau County Police Department (hereinafter the NCPD) for a target/hunting pistol license. The petitioner had previously been granted a pistol license in 1990, but it was revoked in 2007 because he had failed to timely renew it in 2005.
In a letter dated July 13, 2017, the PLS informed the petitioner that, after an investigation, his application had been denied. The petitioner thereafter pursued an administrative appeal. Following a review of the petitioner's application by an appeals officer of the NCPD's Legal Bureau, the appeals officer recommended that there was "good cause" to deny the application (Penal Law § 400.00[1][n]) and, therefore, the PLS's determination should be upheld. The appeals officer identified several red flags that were revealed during the PLS's investigation of the petitioner's application, including his convictions of driving while ability impaired (see Vehicle and Traffic Law § 1192[1]) and driving while intoxicated (see id. § 1192[2]); his "previous violations of the terms and conditions of his pistol license"; "multiple omissions of fact/false statements" that were contained in his application; a close family member's "history of violence, firearm misuse, suicidal threats, mental illness, and alcohol abuse"; and the petitioner's "involvement, or his immediate family members' involvement," in numerous domestic incidents. In a determination dated February 8, 2018, the Commissioner of the NCPD upheld the PLS's denial of the petitioner's application.
In May 2018, the petitioner commenced this CPLR article 78 proceeding to annul the [*2]determination, alleging, among other things, that the denial of his application was arbitrary and capricious. The Supreme Court granted the petition, annulled the determination, and directed the PLS to grant the petitioner's application.
"A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause. Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary and capricious" (Matter of Nelson v County of Suffolk, 171 AD3d 756, 756-757 [citations and internal quotation marks omitted]; see Matter of Jackson v Anderson, 149 AD3d 933, 934).
Here, contrary to the Supreme Court's conclusion, the denial of the petitioner's application for a pistol license had a rational basis and was not arbitrary and capricious. The PLS's investigation of the petitioner's application revealed a lengthy history of domestic incidents that involved, at various points, the petitioner, the petitioner's wife, a close family member of the petitioner, and the close family member's domestic partner. These incidents included heated verbal disputes, arguments where property was damaged, shoving matches, and a situation where the close family member wielded a loaded shotgun in the presence of police officers. During many of these incidents, the close family member was intoxicated; in several others, the close family member threatened suicide. These incidents provided a rational basis for denying the petitioner's application (see Matter of Panaro [County of Westchester], 250 AD2d 616, 617; Matter of Lothrop v Edelstein, 112 AD2d 433, 434). Moreover, the petitioner's rationale for not disclosing these incidents to the PLS—that the close family member was not a member of the petitioner's "household" because the close family member lived in an allegedly private basement apartment in the petitioner's home—was misleading and provided a "rational basis for the [PLS] to conclude that [the] petitioner did not meet the good moral character standard" (Matter of Delgado v Kelly, 127 AD3d 644, 644).
The petitioner's failure to timely renew his prior pistol license and to notify the PLS of his new address (see Matter of Ullah v Kelly, 29 AD3d 432, 432; cf. Matter of DiStefano v Kelly, 47 AD3d 928, 929), as well as his convictions of driving while ability impaired and driving while intoxicated (see Matter of Karagolian v Walsh, 107 AD3d 715, 716), provided further support for the denial of his application.
To the extent the Supreme Court concluded that the applicable standard of review was something other than ascertaining whether there was a rational basis for the pistol licensing authority's determination, or whether the determination was arbitrary and capricious, that conclusion was incorrect (see Matter of Jackson v Anderson, 149 AD3d at 934).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court