Matter of Callahan v City of New York (2022 NY Slip Op 05057)

Matter of Callahan v City of New York

2022 NY Slip Op 05057

Decided on August 30, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 30, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 

Index No. 151160/20 Appeal No. 15244 Case No. 2021-03072 

[*1]In the Matter of John Callahan, Petitioner-Appellant,
v
City of New York, Respondent-Respondent.

Roger Bennet Adler P.C., New York (Roger Bennet Adler of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Elina Druker of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Melissa Anne Crane, J.), entered February 4, 2021, denying the petition challenging the New York City Police Department's October 7, 2019 determination, which denied petitioner's application to renew his business carry handgun license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the determination annulled, and the matter remanded to respondent to reevaluate petitioner's renewal application.
Petitioner commenced this CPLR article 78 proceeding challenging the determination by the New York City Police Department denying an application to renew a business carry handgun license. Supreme Court denied and dismissed the petition on the ground that the Police Department had a rational basis to deny the renewal of a business carry license where petitioner's application did not establish "proper cause" within the meaning of Penal Law § 400.00 (see 38 RCNY 5-03). Supreme Court also found petitioner's constitutional rights were not violated.
We are constrained by the recent United States Supreme Court decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US _, 142 SCt 2111 [2022]) which mandates the grant of this CPLR article 78 petition. Specifically, in Bruen , the United States Supreme Court held that denial of a license applications for failing to satisfy New York's "proper cause" standard, under which the applicants had to demonstrate a special need for self-protection distinguishable from that of the general community, was unconstitutional as violative of the Second Amendment to the United States Constitution, which protects an individual's fundamental right to keep a firearm, and the Fourteenth Amendment to the United States Constitution, which makes this right equally applicable throughout the states. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 30, 2022