Matter of Vicari v Shea (2023 NY Slip Op 01977)

Matter of Vicari v Shea

2023 NY Slip Op 01977

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Index No. 161001/20 Appeal No. 53 Case No. 2021-03892 

[*1]In the Matter of Frank Vicari, Petitioner-Respondent,
v
Dermot Shea etc., et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for appellants.
The Bellantoni Law Firm, PLLC, Scarsdale (Amy L. Bellantoni of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered June 9, 2021, granting the petition brought pursuant to CPLR article 78 to annul the determination of respondents New York City Police Department (NYPD) officials, dated August 18, 2020, which denied petitioner's administrative appeal of the denial of his special carry handgun license application, and remanded to NYPD for further consideration of petitioner's application, unanimously reversed, on the law, without costs, the order vacated and the matter remanded to NYPD to reconsider petitioner's application under recent legislative and regulatory amendments.
The article 78 court remanded petitioner's application for a special carry handgun license which NYPD denied under the then-governing proper-cause standard of 38 RCNY 5-03 and Penal Law § 400.00(2)(f) prior to their amendment. However, following the Supreme Court's decision in New York State Rifle & Pistol Assoc., Inc. v Bruen (597US __, __ S Ct 2111 [2022]), which invalidated the proper-cause requirement under the Second Amendment, the legislature amended the Penal Law and NYPD amended its regulations to eliminate that standard (see Penal Law § 400.00; 38 RCNY 5-03). We therefore vacate the court's order and remand to respondents to reconsider petitioner's application under the now-governing standards (see Matter of Callahan v City of New York, 208 AD3d 422, 423 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023