Matter of Berisha v Fufidio (2023 NY Slip Op 04766)

Matter of Berisha v Fufidio

2023 NY Slip Op 04766

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-05076

[*1]In the Matter of John Berisha, petitioner,
v
George E. Fufidio, etc., respondent.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anjali Bhat of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, George E. Fufidio, a Judge of the County Court, Westchester County, dated March 4, 2022, which denied, without a hearing, the petitioner's application to amend his pistol license.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondent for a new determination of the petitioner's application to amend his pistol license.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent dated March 4, 2022, denying the petitioner's application to amend his pistol license from one for target shooting to sportsperson with restricted carry. The respondent denied the application on the ground that the petitioner did not establish "proper cause" within the meaning of former Penal Law § 400.00(2)(f).
In light of the determination of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen ( ____ US ____, 142 S Ct 2111), which held that the proper cause standard, under New York law, was unconstitutional as violative of the Second Amendment of the United States Constitution (see Bruen, ____ US at ____, 142 S Ct at 2156; Matter of Callahan v City of New York, 208 AD3d 422), we grant the petition, annul the determination, and remit the matter to the respondent for a new determination of the petitioner's application.
The parties' remaining contentions either are without merit, are improperly raised for the first time in this proceeding, or need not be reached in light of the foregoing.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court