Matter of Ward v New York Police Dept. Headquarters License Div. (2023 NY Slip Op 05051)

Matter of Ward v New York Police Dept. Headquarters License Div.

2023 NY Slip Op 05051

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 100881/21 Appeal No. 716 Case No. 2022-04125 

[*1]In the Matter of Tabitha Ward, Petitioner-Appellant,
v
The New York Police Department Headquarters License Division, Respondent-Respondent.

Tabitha Ward, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered February 10, 2022, denying the petition to annul a determination of respondent New York Police Department Headquarters License Division, dated June 30, 2021, which denied petitioner's application for a carry business handgun license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's denial of petitioner's application for a handgun license was not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Although petitioner's failure to demonstrate "proper cause" may no longer serve as an appropriate ground for the denial of a handgun license (see New York State Rifle & Pistol Assn. v Bruen, 597 US &mdash, 142 S Ct 2111 [2022]; Matter of Vicari v Shea, 215 AD3d 510 [1st Dept 2023]), the license was rationally denied.
In reaching its determination, respondent properly considered petitioner's 2011 arrest in Alabama for threatening a relative, despite the subsequent dismissal of the charges (see 38 RCNY 5-10[a], [g]; Matter of Peric v New York City Police Dept., License Div., Rifle/Shotgun Sec., 5 AD3d 142 [1st Dept 2004]). The record also shows that petitioner failed to cooperate with respondent's investigation of her application by failing to disclose a summons from the Transit Adjudication Board, and failing to submit a lifetime DMV abstract or a statement from a person who would safeguard her firearm in case of her death or disability (see 38 RCNY 5-10[m]). Nor did petitioner provide the required character references (see 38 RCNY 5-05[8]). Petitioner's omissions, along with false statements she made in her application, were sufficient grounds for the denial of her application (see Matter of Delgado v Kelly, 127 AD3d 644, 644 [1st Dept 2015], lv denied 26 NY3d 905 [2015]; Matter of Wilson v New York City Police Dept. License Div., 115 AD3d 552 [1st Dept 2014]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023