Matter of Sanicola v City of New York (2024 NY Slip Op 00940)

Matter of Sanicola v City of New York

2024 NY Slip Op 00940

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 153446/20 Appeal No. 1730 Case No. 2023-02027 

[*1]In the Matter of Peter Sanicola, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.

Roger Bennet Adler P.C., New York (Roger B. Adler of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Debra A. James, J.), entered on or about November 30, 2022, denying the petition to annul a determination of the New York City Police Department, Licensing Division, dated December 26, 2019, which denied petitioner's application for a Carry Business handgun license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
We agree with petitioner that his failure to demonstrate proper cause may no longer serve as an appropriate ground for the denial of his handgun license application (see New York State Rifle & Pistol Assn. v Bruen, 597 US 1 [2022]; Matter of Vicari v Shea, 215 AD3d 510, 511 [1st Dept 2023]).
Nevertheless, we find that the court properly concluded that respondent rationally denied petitioner's application based on the failure to establish good moral character for a handgun license (see Penal Law § 400.00[1][b]). In reaching its determination, respondent properly considered the multiple prior police complaints, incident reports concerning domestic violence, and the orders of protection issued against petitioner, as well as petitioner's demonstrated lack of candor and concern for the safety of others (see 38 RCNY 5-10[g], [f], [n]; Matter of Ward v New York Police Dept. Headquarters License Div., 220 AD3d 456, 456 [1st Dept 2023]). Respondent properly considered these prior complaints and reports even though they did not lead to convictions or involve the use of a firearm (id. at 456).
We have considered petitioner's remaining arguments, including that the good moral character standard is impermissibly vague, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024