Matter of Kantarakias v Hyun Chin Kim (2024 NY Slip Op 02195)

Matter of Kantarakias v Hyun Chin Kim

2024 NY Slip Op 02195

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-04632

[*1]In the Matter of Ioannis Kantarakias, petitioner/plaintiff,
v
Hyun Chin Kim, respondent/defendant.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner/plaintiff.
Letitia James, Attorney General, New York, NY (Yuval Rubinstein of counsel), for respondent/defendant.

DECISION & JUDGMENT
Hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent/defendant, Hyun Chin Kim, a Judge of the County Court, Orange County, dated April 12, 2023, which denied, without a hearing, the application of the petitioner/plaintiff for a pistol license, and action for declaratory and injunctive relief.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding/action is dismissed on the merits, with costs.
The petitioner/plaintiff (hereinafter the petitioner) filed an application for a concealed carry pistol license with the Orange County Sheriff's Office. The respondent/defendant (hereinafter the respondent), Hyun Chin Kim, a Judge of the County Court, Orange County, denied, without a hearing, the petitioner's application on the ground that the petitioner does not possess the necessary good moral character, as prescribed by Penal Law § 400.00. The petitioner then commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, inter alia, to challenge that determination.
"'A pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause. Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary and capricious'" (Matter of Franzese v Ryder, 200 AD3d 979, 980, quoting Matter of Nelson v County of Suffolk, 171 AD3d 756, 756-757). Contrary to the petitioner's contention, the respondent's determination that good cause existed to deny his application for a pistol license was rationally based, and not arbitrary and capricious. The petitioner's prior criminal history and interactions with law enforcement were sufficient to support the respondent's determination (see Matter of Franzese v Ryder, 200 AD3d at 981; Matter of Robbins v Warhit, 198 AD3d 790, 791; Matter of Kelly v Klein, 96 AD3d 846, 847; Matter of Bagan v Reitz, 85 AD3d 782, 782).
"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought" (Matter of Brooke v Russo, 189 AD3d 1032, 1033; see CPLR 7803[1]; Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). Here, the petitioner failed to demonstrate a clear legal right [*2]to the relief sought (see Matter of Mari v DeProspo, 175 AD3d 596).
To the extent that the petitioner contends that certain aspects of the licensing eligibility requirements of Penal Law § 400.00 unconstitutionally infringe upon his right to bear arms under the Second Amendment of the United States Constitution (US Const, 2d Amend), such claim for relief is not properly before this Court in an original proceeding pursuant to CPLR article 78. A declaratory judgment action commenced in the Supreme Court is the proper vehicle for challenging the constitutionality of a statute (see Matter of Husejnovic v DeProspo, _____ AD3d _____, _____, 2024 NY Slip Op 01177, *1 [2d Dept]; Matter of Harper v Neary, _____ AD3d _____, _____, 2024 NY Slip Op 01176, *1 [2d Dept]).
Further, the petitioner is not entitled to the injunctive relief that he requested. The respondent, while acting in her capacity as a licensing officer, would not have the authority to grant such injunctive relief (see Penal Law § 400.00[4-a]; Matter of Sibley v Watches, 194 AD3d 1385, 1389; Matter of Goldstein v Schwartz, 185 AD3d 929, 930). In any event, the petitioner failed to set forth any cognizable substantive cause of action that would support the granting of injunctive relief (see Hogue v Village of Dering Harbor, 199 AD3d 900, 903).
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding/action on the merits.
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court