Matter of Charles v Shea (2024 NY Slip Op 02321)

Matter of Charles v Shea

2024 NY Slip Op 02321

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-03317
 (Index No. 726017/21)

[*1]In the Matter of Hannays Charles, etc., appellant,
v
Dermot Shea, etc., et al., respondents.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Jonathan A. Popolow of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the License Division of the New York City Police Department dated July 21, 2021, which denied, without a hearing, the petitioner's application to renew his limited carry handgun license, the petitioner appeals from a judgment of the Supreme Court, Queens County (Robert I. Caloras, J.), entered May 2, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the determination, and substituting therefor a provision granting that branch of the petition and annulling the determination; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondents for a new determination of the petitioner's application to renew his limited carry handgun license consistent herewith.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the License Division of the New York City Police Department (hereinafter the License Division) dated July 21, 2021, denying the petitioner's application to renew his limited carry handgun license, and in the nature of mandamus to compel the respondents to approve the application. The License Division denied the petitioner's application on the ground that the petitioner did not establish "proper cause" within the meaning of former Penal Law § 400.00(2)(f).
Contrary to the petitioner's contention, the Supreme Court properly denied that branch of the petition which was in the nature of mandamus to compel the approval of his application. "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679; see Matter of Hene v Egan, 206 AD3d 734, 736). Since "[a] pistol licensing officer has broad discretion in ruling on permit applications and may deny an application for any good cause" (Matter of Franzese v Ryder, 200 AD3d 979, 980 [internal quotation marks omitted]; see Penal Law § 400.00[1]; Matter of Robbins v Warhit, 198 AD3d 790, 790), the remedy of mandamus does not lie to compel the approval of the petitioner's application.
However, as the petitioner contends, and the respondents agree, the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) held that the "proper-cause" standard, under New York law, was unconstitutional as violative of the Second Amendment of the United States Constitution (id. at 70; see Matter of Berisha v Fufidio, 219 AD3d 1518, 1519). Accordingly, in light of the determination of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen, we grant that branch of the petition which was to annul the License Division's determination dated July 21, 2021, denying the petitioner's application to renew his limited carry handgun license, annul the determination, and remit the matter to the respondents for a new determination of the petitioner's application consistent herewith.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court