Matter of Charles v Shea (2024 NY Slip Op 06683)

Matter of Charles v Shea

2024 NY Slip Op 06683

Decided on December 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-03317
 (Index No. 726017/21)

[*1]In the Matter of Hannays Charles, etc., appellant,
v
Dermot Shea, etc., et al., respondents.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Jonathan A. Popolow of counsel), for respondents.

DECISION & ORDER
Motion by the respondents, in effect, to recall and vacate a decision and order of this Court dated May 1, 2024, which determined an appeal from a judgment of the Supreme Court, Queens County (Robert I. Caloras, J.), entered May 2, 2022.
Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is
ORDERED that the motion is granted, the decision and order of this Court dated May 1, 2024 (Matter of Charles v Shea, 227 AD3d 715), is recalled and vacated, and the following decision and order is substituted therefor:
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the License Division of the New York City Police Department dated July 21, 2021, which denied, without a hearing, the petitioner's application to renew his limited carry handgun license, the petitioner appeals from a judgment of the Supreme Court, Queens County (Robert I. Caloras, J.), entered May 2, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the determination, and substituting therefor a provision granting that branch of the petition and annulling the determination; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondents for a new determination of the petitioner's application to renew his limited carry handgun license consistent herewith.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the License Division of the New York City Police Department (hereinafter the License Division) dated July 21, 2021, denying the petitioner's application to renew his limited carry handgun license, and in the nature of mandamus to compel the respondents to approve the application. The License Division denied the petitioner's application on the ground that the petitioner did not establish "proper cause" within the meaning of former Penal Law § 400.00(2)(f).
Contrary to the petitioner's contention, the Supreme Court properly denied that branch of the petition which was in the nature of mandamus to compel the approval of his application. "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679; see Matter of Hene v Egan, 206 AD3d 734, 736). Since the License Division's review of permit applications involves the exercise of reasoned judgment or discretion, the remedy of mandamus does not lie to compel the approval of the petitioner's application (see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184).
However, as the petitioner contends, and the respondents agree, the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) held that the "proper-cause" standard, under New York law, was unconstitutional as violative of the Second Amendment of the United States Constitution (id. at 70; see Matter of Berisha v Fufidio, 219 AD3d 1518, 1519). Accordingly, in light of the determination of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen, we grant that branch of the petition which was to annul the License Division's determination dated July 21, 2021, denying the petitioner's application to renew his limited carry handgun license, annul the determination, and remit the matter to the respondents for a new determination of the petitioner's application consistent herewith.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court